IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUMMANT KAMBOJ, *et al.*, | § |
| Plaintiffs, | § |
| v. | § CIVIL ACTION NO. H-24-3458 |
| SHELL USA, INC., *et al.*, | § |
| Defendants. | § |

### MEMORANDUM AND OPINION

The beneficiaries of a healthcare plan have sued the Plan and the employer-sponsor for breach of fiduciary duty, based on an alleged overpayment made to a surgical assistant who cared for one of the plaintiffs. The plaintiffs also allege that they have been denied documents and information they requested from the Plan.

Based on the pleadings, the briefing, and the applicable law, the defendants' motion to dismiss, (Docket Entry No. 11), is granted in part and denied in part. The reasons for these rulings are set out below.

**I.      Background**

Summant Kamboj was an employee of Shell USA, Inc. (Docket Entry No. 16 at ¶ 1). He and his wife, Shireen Kamboj, were covered participants and beneficiaries under the Shell USA, Inc. Health & Wellbeing Plan (501). (*Id.*). UnitedHealthcare is the Plan claims administrator, but Shell has discretion to "control and manage the operation and administration of the plans, and discretion to interpret their provisions." (Docket Entry No. 11-1 at 181, 213). The Kambojs allege that the Plan is self-funded. (Docket Entry No. 1 at ¶¶ 15, 17).

The Kambojs were in a serious car crash in August 2018. (*Id.* at ¶ 12). Mr. Kamboj had surgery in December 2019 for his injuries. (*Id.* at ¶ 13). "The claims were submitted to UnitedHealthcare," and "Shell approved payments out of its alleged self-funded Plan." (*Id.* at ¶ 15). The payments included $8,302 to the hospital; $2,522 to the internist; $2,027 to the surgeon; $54 to the physician group; and more than $40,000 to a surgical assistant who cared for Mr. Kamboj. (*Id.*).

In October 2023, Mr. Kamboj sent a letter to Shell and the Plan asking why the surgical assistant had been paid so much more than the hospital, internist, surgeon, and physician group. (*Id.* at ¶ 16). Neither Shell nor the Plan responded in writing. (*Id.* at ¶¶ 18, 19).

In July 2024, the Kambojs' counsel sent a request to Shell seeking several categories of documents related to the Plan and the Kambojs' claims. (*Id.* at ¶ 21). Counsel received an automatic email response stating, "We are taking care of your query." (*Id.* at ¶ 24 n.1). That was the only response. (*Id.* at ¶ 26). Counsel sent the request three more times, with no response from Shell or the Plan. (*Id.* at ¶¶ 27–32).

The Kambojs filed this lawsuit against Shell and the Plan on September 17, 2024, asserting claims for breach of fiduciary duty and seeking a document penalty under the Employee Retirement Income Security Act of 1974. (*Id.* at ¶¶ 51–69). Shell and the Plan moved to dismiss the breach of fiduciary duty claim and most of the document penalty claim under Rule 12(b)(6). (Docket Entry No. 11).

## II.     The Rule 12(b)(6) Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

## III. Analysis

### A. The Claims against the Plan

The motion to dismiss argues that the Plan is not a proper defendant to either of the Kambojs' claims. (Docket Entry No. 11 at 11). The Kambojs' response does not address this argument. *See generally* (Docket Entry No. 16). The Kambojs provide no explanation for how the Plan can be a fiduciary of itself. The court agrees with the defendants that a plan fiduciary is distinct from a plan. The Plan itself is not liable to the Kambojs for breach of fiduciary duty.

The Kambojs also seek civil penalties for the defendants' alleged failure to supply the documents they requested under 29 U.S.C. § 1132(c). (Docket Entry No. 1 at ¶¶ 59–69). That statute states that "[a]ny *administrator* . . . who fails or refuses to comply with a request for any information which such *administrator* is required by this subchapter to furnish" can be held personally liable. 29 U.S.C. § 1132(c)(1)(B) (emphasis added). An "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated," or, "if an administrator is not so designated, the plan sponsor." *Id.* § 1002(16)(A). Because the Kambojs have not alleged facts showing that the Plan is its own named administrator, they have failed to state a claim under 29 U.S.C. § 1132(c) against the Plan. *See Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486–87 (5th Cir. 2017) (reversing a 29 U.S.C. § 1132(c) award against an entity that was not the named plan administrator, the plan sponsor, or otherwise designated as the administrator).

Both claims against the Plan are dismissed, and because amendment would be futile, the dismissal is with prejudice.

B.     The Claims against Shell

1.     The Breach of Fiduciary Duty Claim

Shell argues that the Kambojs' breach of fiduciary duty claim must be dismissed because the Kambojs seek individual relief and have not alleged any damage to the Plan. (Docket Entry No. 11 at 5–6). The Kambojs seek relief in the form of a reduction of Shell's subrogation interest "by the amount of usual and customary charges paid to a Houston area surgical assistant." (Docket Entry No. 1 at 13).[1] The Kambojs' response to the motion to dismiss clarifies that this relief would increase their net recovery from their personal injury lawsuit. (Docket Entry No. 16 at 6).

"ERISA provides that an employer who sponsors an employee plan may also serve as a fiduciary of that plan." *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 248 (5th Cir. 2008). "The statute imposes on the employer-fiduciary . . . strict statutory duties, including loyalty, prudence, and diversification." *Id.* An employer-fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries . . . [and] defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1).

Plan participants or beneficiaries can sue for breaches of fiduciary duty under multiple sections of ERISA. *Compare, e.g.*, *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985) (a breach of fiduciary duty claim brought under 29 U.S.C. §§ 1109 and 1132(a)(2)) *with Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 863–66 (5th Cir. 2018) (a breach of fiduciary duty claim brought under 29 U.S.C. § 1132(a)(3)).

Under 29 U.S.C. § 1132(a)(2), a participant or beneficiary may bring a civil action "for appropriate relief under [29 U.S.C. § 1109]." Title 29 U.S.C. § 1109(a) states:

---

[1] The Kambojs also seek "[a]ll such other relief, whether at law or in equity, to which [they] may show themselves justly entitled." (Docket Entry No. 1 at 13).

5

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

The Supreme Court has interpreted "losses to the plan" in 29 U.S.C. § 1109(a) "to limit claims under this section to those which inure to the benefit of the plan as a whole rather than to individual beneficiaries." *See McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 237 (5th Cir. 1995) (discussing *Russell*, 473 U.S. 134). The Fifth Circuit has affirmed the dismissal of breach of fiduciary duty claims under 29 U.S.C. § 1109(a) when the plaintiff seeks relief that "inures to the benefit of the [plaintiff], not the plan, and thus has no impact on plan assets." *See, e.g., id.* at 237–38; *Total Plan Servs., Inc. v. Texas Retailers Ass'n*, 932 F.2d 357, 358 (5th Cir. 1991) (per curiam).

Contrary to Shell's argument, that caselaw is inapplicable here because the Kambojs bring their breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3). *See* (Docket Entry No. 16 at 6). A "participant, beneficiary, or fiduciary" may sue under 29 U.S.C. § 1132(a)(3) "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

The Supreme Court, the Fifth Circuit, and district courts in this circuit have allowed breach of fiduciary duty claims under 29 U.S.C. § 1132(a)(3) that seek equitable relief in the form of monetary compensation inuring only to the benefit of the individual plaintiff. *See, e.g.*, *CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011) (monetary compensation for a loss resulting from a trustee's breach of duty is "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)); *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450–52 (5th Cir. 2013) (reversing a Rule 12(b)(6) dismissal of a breach of fiduciary duty claim brought under 29 U.S.C. § 1132(a)(3) "seek[ing] to recover the

6

amount of insurance benefits that [the plaintiff] has lost as a result of the defendants' alleged breach [of its fiduciary duties]"); *Manuel*, 905 F.3d at 865–66 (reversing dismissal on summary judgment of a plaintiff's claim that document deficiencies constituted a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) and that he was entitled to compensation for his lost benefits); *Browdy v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 11-818-SDD, 2014 WL 5500392, at *5–6 (M.D. La. Oct. 30, 2014), *aff'd,* 630 F. App'x 278 (5th Cir. 2015) (evaluating the merits of a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) that was "not [a claim] to recover plan benefits but rather consist[ed] of requested equitable relief in the form of compensatory money damages for alleged losses [the plaintiff] sustained as a result of the alleged breach of fiduciary duty by [the defendant]").

The Kambojs' complaint is somewhat unusual, in that they seek to personally recover because their healthcare plan allegedly paid one of their medical providers more than necessary. Nevertheless, the relief they seek under their breach of fiduciary duty claim can plausibly be characterized as "appropriate equitable relief" available under 29 U.S.C. § 1132(a)(3). *See, e.g.*, *Gearlds*, 709 F.3d at 452; *Amara*, 563 U.S. at 441–42. The failure to allege harm to the Plan does not warrant dismissal.

Shell's other arguments for dismissal of this claim are also unpersuasive. The significant discrepancy between the amount paid to the surgical assistant and the amounts paid to the other medical providers, (Docket Entry No. 1 at ¶ 15), is sufficient at this stage to allege a claim based on overpayment. Shell cannot shift responsibility for the alleged overpayment onto UnitedHealthcare when the Plan reserves to Shell the discretion to "control and manage the operation and administration of the plans, and discretion to interpret their provisions." (Docket Entry No. 11-1 at 181, 213).

7

Lastly, Shell argues that granting the Kambojs' requested relief "would, if anything, further diminish the Plan's resources." (Docket Entry No. 11 at 6–7). That is not a sufficient reason for dismissal at this stage. Adopting that logic would lead to the dismissal of any claim in which a beneficiary seeks compensatory monetary damages for fiduciary breaches. If the Kambojs succeed on their claim, Shell may return to the medical provider to seek recovery of the overpayment or change its practices in the future to avoid similar losses.

The court denies the motion to dismiss the Kambojs' breach of fiduciary duty claim against Shell under 29 U.S.C. § 1132(a)(3).

### 2. The Document Penalty Claim

The Kambojs requested the following documents from Shell:

1. A complete copy of all documents, records, and other information relevant to Mr. and Mrs. Kamboj's medical claims arising out of their crash from December 2, 2019 to the present. This information should include all documents, records, and other information that was submitted, considered, or generated while making the benefits determination or overpayment determination, regardless of whether the information was relied upon in making your determination. This should also include a copy of any relevant policy or certificate of insurance.

2. A complete copy of the Plan, Summary Plan Description, and all Plan Amendments that were in effect in December 2019 or the date of the Kamboj's medical treatment related to this crash.

3. A complete copy of any stop loss insurance policy that Shell has purchased to reinsure risks above the policy's specified retention levels, including the declarations page for any such policy;

4. All documents that evidence the amounts paid under Shell's stop loss insurance policy for Mr. and Mrs. Kamboj's medical bills related to their injuries suffered as a result of the car crash;

5. All documents that evidence the amounts paid by Optum and/or UnitedHealthcare for Mr. and Mrs. Kamboj's medical bills related to their injuries suffered because of the car crash;

6. All documents that evidence the usual and customary charges that the Plan pays to surgeons and physician assistants for services rendered in 2019; and

7. A complete copy of the Administrative Services Agreement between Shell, the Plan, UnitedHealthcare, and/or Optum.

(Docket Entry No. 1 at ¶ 21); (Docket Entry No. 1-1 at 1–2).  When the Kambojs filed their complaint, they had not received any of the requested documents.  (Docket Entry No. 1 at ¶ 33–36).

Title 29 U.S.C. § 1132(c) provides a claim for civil penalties against "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish."  Shell concedes that it is an "administrator" as defined in the statute.  (Docket Entry No. 11 at 8).

"ERISA entitles participants, upon request, to information related to their benefit plans." *Manuel*, 905 F.3d at 871 (citing "ERISA § 104," which is codified at 29 U.S.C. § 1024).  In *Manuel*, the Fifth Circuit held that a penalty could be assessed under § 1132(c) based on an administrator's failure to provide—as required by § 1024(b)—the "instruments under which the plan is established or operated." *Id.* at 871–72 (italics removed) (quoting 29 U.S.C. § 1024(b)(4)).  The "instruments" in *Manuel* included the requested "formal written and signed plan document." *Id.* at 871 (quoting references omitted); *see also Murphy v. Verizon Commc'ns, Inc.*, 587 F. App'x 140, 144 (5th Cir. 2014) (per curiam) (construing 29 U.S.C. § 1024(b)(4) as requiring disclosure of the "formal legal documents that govern a plan").  Shell concedes that the documents described in Paragraph 2 of the above list "fall within the scope of documents an administrator is required to provide on request" under 29 U.S.C. § 1024(b)(4) and does not seek dismissal of the Kambojs' claim as to those documents.  (Docket Entry No. 11 at 9).

Shell does seek dismissal of the Kambojs' claim for the documents described in Paragraphs 1 and 3-7 of the above list on the basis that they are not covered by 29 U.S.C. § 1024(b).  Shell argues that the Kambojs' request for the remaining documents was made under 29 C.F.R.

9

§ 2560.503-1(h)(2)(iii) and 29 C.F.R. § 2560.503-1(m)(8)(I)-(iv).  (Docket Entry No. 11 at 9); *see also* (Docket Entry No. 1 at ¶ 29) (citing these regulations as the basis for the Kambojs' request).

These regulations impose claim procedure requirements on the "plan," not on the "administrator."  *See* 29 C.F.R. § 2560.503-1(h)(2)(iii) (requiring "the claims procedures of a plan" to provide claimants "information relevant to the claimant's claim for benefits"); 29 C.F.R. § 2560.503-1(m)(8)(I)-(iv) (defining "relevant"); *Elite Ctr. for Minimally Invasive Surgery, LLC v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853, 859 (S.D. Tex. 2016) ("[T]he cited DOL regulation [29 CFR § 2560.503–1(h)(2)], like the statutory provision it implements (ERISA § 503), imposes claim procedure requirements on the 'plan,' not the plan administrator.").  At least two courts in this district, and several circuit courts, have held that a failure to follow these Department of Labor regulations does not give rise to a statutory penalty claim under 29 U.S.C. § 1132(c).  *Elite Ctr. for Minimally Invasive Surgery, LLC*, 221 F. Supp. 3d at 859 ("While the Fifth Circuit has not yet considered the precise issue in a published decision, the First, Second, Third, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all agreed that the failure to follow 'full and fair review' procedures does not give rise to a statutory penalty claim under § 502(c).") (footnote omitted) (citing cases); *Iwobi v. Adm'r, Lyondellbasell Ret. Admin.*, No. 4:17-CV-02347, 2019 WL 1058244, at *7 (S.D. Tex. Mar. 6, 2019).

The Kambojs point to no contrary authority.  *See* (Docket Entry No. 16 at 8–10) (relying only on *Manuel*, which did not address document requests under Department of Labor regulations). Nor do they contest Shell's categorization of their document requests.  *See generally* (*id.*).  The Kambojs have not proposed any amendments to their pleadings that would overcome Shell's argument that statutory penalties are not available as a remedy for failing to produce the documents described in Paragraphs 1 and 3-7 of the above list.

10

The Kambojs' claim for civil penalties under 29 U.S.C. § 1132(c) based on Shell's alleged failure to disclose the documents described in Paragraphs 1 and 3-7 of the above list is dismissed, with prejudice because amendment would be futile.

### IV. Conclusion

The motion to dismiss, (Docket Entry No. 11), is granted in part and denied in part. All of the Kambojs' claims against the Plan are dismissed, with prejudice. All of the Kambojs' document penalty claims are dismissed, with prejudice, except for the claim for civil penalties under 29 U.S.C. § 1132(c) based on Shell's alleged failure to disclose the documents described in Paragraph 2 of the Kambojs' request. *See* (Docket Entry No. 1 at ¶ 21); (Docket Entry No. 1-1 at 1–2). The motion to dismiss is denied as to the Kambojs' claim against Shell for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).

SIGNED on January 21, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge